IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH ANNE MINNEY,<br><br>Petitioner,<br><br>v.<br><br>RHODA A. WINSTEAD, Superintendent,<br><br>Respondent. | Civil Action No. 2:12-1732<br><br>Judge Joy Flowers Conti<br>Magistrate Judge Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, in accordance with the Rules Governing Habeas Corpus Cases under Section 2254, the instant Petition for a Writ of Habeas Corpus be dismissed and a Certificate of Appealability be denied.

### II. REPORT

Petitioner, Elizabeth Anne Minney, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging two of her convictions in the Court of Common Pleas of Lawrence County. To the extent that Petitioner seeks review of her convictions, her Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d). To the extent that she is challenging her probation revocation and resultant sentence, she has a pending state proceeding where she can exhaust her claims.

#### A. Rules Governing Habeas Corpus Cases under Section 2254

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).

1

Rule 4 provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of state court records and/or state court opinions as well as its own court records. *See, e.g.*, Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998). Accordingly, in deciding this petition, this Court takes judicial notice of the dockets in Petitioner's criminal cases in the Court of Common Pleas of Lawrence County.

## B. Relevant Procedural History

On or about December 9, 2003, Petitioner was arrested and charged with four counts of burglary and related charges in the Court of Common Pleas of Lawrence County, Pennsylvania at Docket Number: CP-37-CR-0001471-2003. On that same date, she was charged with eleven counts of theft and related charges at Docket Number: CP-37-CR-0001425-2003. On April 4, 2004, Petitioner pleaded guilty to these charges and received, *inter alia*, a lengthy term of probation. Petitioner did not file a direct appeal from these convictions.

On December 13, 2011, the Lawrence County Adult Probation Unit filed a Petition to Revoke Petitioner's Probation. Following a hearing held on February 29, 2012, Petitioner's

2

Probation was revoked and she was resentenced to a term of incarceration of from eighteen months to four years. On May 22, 2012, in the Court of Common Pleas of Lawrence County, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. This proceeding presently is pending. Petitioner filed her federal Petition for Writ of Habeas Corpus on November 27, 2012.

### C. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was filed within the one-year limitations period applicable to such petitions. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

3

limitation under this subsection.

28 U.S.C. § 2244(d).

The Court has inherent power to raise the issue of timeliness *sua sponte* in cases arising under 28 U.S.C. § 2254. *See* Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); United States v. Bendolph, 409 F.3d 155, 166-168 (3d Cir. 2005) (federal court's inherent power to *sua sponte* raise statute of limitations issue continues after court's preliminary consideration of motion and continues regardless of whether government has failed to assert limitations defense in its answer to motion). *Cf.,* Wood v. Milyard, ___ U.S. ___, 132 S.Ct. 1826, 1834 (2012) (confirming that district courts have the authority, though not the obligation, *sua sponte* to consider timeliness, even where the State negligently conceded that the petition was timely, provided the petitioner is accorded a fair opportunity to present his position). Thus, to the extent that Petitioner is complaining about her underlying convictions, her Petition for Writ of Habeas Corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be

4

applied on the facts presented.

In the instant action, Petitioner pleaded guilty on April 5, 2004; she did not file a direct appeal from her sentence. Direct review of Petitioner's conviction became "final" on or about May 5, 2004, *i.e*, the expiration date of the thirty-day period for filing a timely Notice of Appeal to the Superior Court. *See* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).[1] Thus, under the one-year limitations period in AEDPA, the Petitioner had until May 5, 2005 to file a federal habeas corpus petition challenging her underlying convictions.

Though Petitioner's one-year limitations period ended on May 5, 2005, she did not file her federal habeas corpus petition until November, 2012, over seven years after her limitations period expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. Petitioner's request for habeas corpus does not indicate that she suffered any impediment to filing her federal petition. She has not asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C), nor has she shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d) (1) (D).

Finally, there is no indication that the doctrine of equitable tolling should be applied.

---

1. *See also* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (noting that same rule applies to 28 U.S.C. § 2255 motions).

Because AEDPA's one-year limitation period in § 2244(d) is not a jurisdictional bar, it therefore, may be equitably tolled:

> [However,] [e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id.* at 978.

The United States Court of Appeals for the Third Circuit has instructed that equitable tolling of the AEDPA statute of limitations is permitted only if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (internal citation omitted). Here, Petitioner has not shown any extraordinary circumstance bearing on the late filing of her habeas petition.

The United States Court of Appeals for the Third Circuit has recently reiterated that mental incompetence is not a *per se* cause for equitable tolling. *See* Champney v. Sec'y Pennsylvania Dept. of Corr., 469 F. App'x 113, 117 (3d Cir. 2012) (citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)). In order for tolling to apply, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely action. *Id.* The burden is on the petitioner to demonstrate with particularized description the causal relationship between the mental deficiency and the failure to file a timely petition. *Id.* Factors to be considered in determining whether the petitioner has met this burden include whether she 1) was adjudicated incompetent and, if so, at

what point in habeas statutory period; 2) was institutionalized for her mental impairment; 3) handled or assisted in other legal matters which required action during the federal limitations period; and 4) whether she supported her allegations of impairment with extrinsic evidence such as evaluations and/or medications. *Id.* (internal citation omitted). Because none of these factors is present here, the doctrine of equitable tolling does not apply.

### D. Exhaustion Requirement

To the extent that Petitioner is challenging her parole revocation and the resulting term of incarceration, her Petition must be dismissed because she has yet to exhaust these claims. The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). The exhaustion requirement serves the secondary purpose of facilitating the creation of a complete factual record to aid federal courts in their review. Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).

In addition, the exhaustion requirement requires a petitioner to present his claims to all levels of the state courts. Thus, a petitioner must have presented every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion

will be considered satisfied. *See, e.g.*, Buxton v. Pennsylvania, 398 F. App'x 704, 706 (3d Cir. 2010) ("To satisfy the exhaustion requirement, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). The petitioner has the burden of establishing that exhaustion has occurred. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). A Petitioner shall *not* be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

Petitioner currently is in the process of presenting claims to the Pennsylvania state courts through her PCRA proceeding, which is pending in the Court of Common Pleas of Lawrence County. Even if the Court denies her relief, it is possible for her to appeal. In fact, the federal habeas doctrine of exhaustion requires that she do so.

In the circumstances presented here, the Court should stay its hand and dismiss the Petition without prejudice to refiling after Petitioner has exhausted his claims in the Pennsylvania state courts. *Accord* Williams v. Wynder, 232 F. App'x 177 (3d Cir. 2007) (affirming District Court's order, dismissing the Section 2254 habeas petition prior to service for failure to exhaust).

### E. Certificate of Appealability

Section 2253 generally governs appeals from District Court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28

U.S.C. § 2254(c)(2). This provision is problematic where the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the District Court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling. Applying this standard here, the Court concludes that there is no basis upon which to issue a certificate of appealability.

### III. NOTICE OF RIGHT TO OBJECT

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a Certificate of Appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

April 16, 2013

Respectfully submitted,

*Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Elizabeth Anne Minney
086484
451 Fullerton Ave.
Cambridge Springs, PA 16403